

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:05-CR-27 |
| | § | |
| JUAN XAVIER SILVA | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Juan Xavier Silva, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [doc. #72]. The Court conducted a hearing on August 28, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 28, 2006, the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of possession of a firearm during and in relation to a drug trafficking crime, a Class A felony. The Court sentenced the defendant to 60 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment; and a $100 special assessment. On September 2, 2010, Mr. Silva completed his period of imprisonment and began service of the supervision term.

On October 4, 2013, the Court revoked Silva's original term of supervision and sentenced him to three (3) months imprisonment to be followed by a new 2 year term of supervision for the revocation. The new supervision term included the same conditions imposed in the original

judgment of conviction.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on July 25, 2014, in the 159th District Court of Angelina County, Texas, Mr. Silva entered a plea of guilty to the offense of Burglary of a Habitation (2nd degree felony, Texas Penal Code 30.02(c)(2)). Mr. Silva was sentenced to 5 years in the Texas Department of Criminal Justice - Institutional Division.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government entered a copy of the Judgment of Conviction filed in cause number 2014-0435, in the 159th District Court of Angelina County, into the record as an exhibit. That judgment shows that on July 25, 2014, Mr. Silva pled guilty to the offense of Burglary of a Habitation and was sentenced to five (5) years in the Institutional Division of TDCJ.

Defendant, Juan Xavier Silva, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new

state crime. This conduct constitutes a Grade A violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of I and the Grade A violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 24 to 30 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed the crime of burglary of a habitation while on supervision. Mr. Silva pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

the District Court.  *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing.*

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **twenty-four (24) months** imprisonment, with no further supervision upon release.  Pursuant to the defendant's request, the Court would recommend that Mr. Silva be placed in either the Federal Correctional Institution (FCI) in Bastrop, Texas, or the FCI in Forth Worth to serve his sentence, if possible.

## OBJECTIONS

Objections must be:  (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1).  A party's failure to object bars that party from:  (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez*

*v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of August, 2014.**

                                                KEITH F. GIBLIN
                                                UNITED STATES MAGISTRATE JUDGE